NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1859
_____

ROBERT W. JOHNSON,
Appellant

v.

OM HOSPITALITY INC.; AMTRUST FINANCIAL SERVICES; AMTRUST GROUP;
PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY; KIARA CASTILLO;
HAMPTON INN; AMTRUST NORTH AMERICA; BENJAMIN MORRIS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00144)
Chief District Judge:  Honorable Mark R. Hornak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2022
Before:  RESTREPO, RENDELL, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: October 13, 2022)
_____

OPINION[*]
_____

PER CURIAM

Robert Johnson, proceeding pro se, appeals the District Court's dismissal of his

complaint. We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Johnson was a hotel housekeeper for OM Hospitality in Stroudsburg, Pennsylvania. In April 2021, he reported to his employer that he had injured himself changing bedsheets on the job. He filed a workers' compensation claim with the Pennsylvania Department of Labor & Industry. A claims adjuster from AmTrust North America was assigned to Johnson's case and apparently attempted to contact him without success. His claim was denied.

Johnson then brought a lawsuit in the Western District of Pennsylvania against his employer and one of its agents, the Department of Labor & Industry, AmTrust, and the individual claims adjuster. Along with his sparse complaint, Johnson attached a few exhibits: the hotel's internal incident report, his original worker's compensation complaint, a letter from the claims adjuster, and a notice of the denial of his workers' compensation claim. He asked for $100 million.

A Magistrate Judge recommended that Johnson's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) because it was frivolous and failed to state a claim. The Magistrate Judge also recommended that the dismissal be without prejudice to provide Johnson with an opportunity to amend his complaint. Johnson filed meritless objections to the recommendations. The District Court issued an order adopting the Magistrate Judge's recommendations in full, noting further that Johnson's complaint appeared on its face to have no nexus to the Western District of Pennsylvania, and dismissing the complaint. The District Court's order gave Johnson 20 days to file an amended

---

constitute binding precedent.

complaint, explained the relevant deficiencies, and expressly stated that the without-prejudice dismissal would convert to a with-prejudice dismissal if Johnson did not amend in the specified time frame. Rather than amend, Johnson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review dismissal pursuant to § 1915(e)(2)(B)(ii) under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and may affirm on any basis supported by the record, see Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011). To avoid dismissal, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Johnson's pro se pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We agree with the District Court that Johnson's complaint failed to state a claim for relief. His two-page complaint set out no factual matter whatsoever, let alone

---

[1] Although the District Court's order was not final for purposes of appellate jurisdiction when issued, it became so once the prescribed time for Johnson to amend his complaint expired. See Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019) (explaining that "a 'self-effectuating' order is one that directs a party to take some action to cure a defective complaint by a defined date and provides express notice that it will then automatically produce a final order of dismissal when the time to amend runs out").

sufficient factual matter to support any claim. He merely asserted the legal conclusion that he "was discriminated against for employee benefits and medical coverage" by the defendants, who, he claimed, "committed a breach of contract." Compl. 1–2, ECF No. 3. The form civil cover sheet on Johnson's complaint alleged "due process rights violations." ECF No. 3-1. To discover any factual allegations underlying the complaint the reader must look to the hotel's internal incident report, appended as an exhibit to the complaint, which describes Johnson's claim that he tripped while changing sheets, hurt his back, and hit his head. See ECF No. 3-2 at 1. The other exhibits merely reflect that he filed an unsuccessful workers' compensation claim. Nothing in the complaint supports any of the purported causes of action that Johnson listed in the complaint and cover sheet. The District Court correctly concluded that Johnson's complaint failed to state any claim for relief and was frivolous for lacking any basis in law or fact.

Accordingly, we will affirm the District Court's judgment.